# IN THE UNITED STATES BANKRUPTCY COURT
# WESTERND DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TRANQUILITY GROUP, LLC, | ) | Case No. 21-60120-can11 |
| BCR PARTNERS, LLC, and | ) | (Joint Administration) |
| O'KIEFFE FAMILY PARTNERS, LP | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| TRANQUILITY GROUP,LLC, | ) | |
| BCR PARTNERS, LLC, and | ) | Adversary Case No. |
| O'KIEFFE FAMILY PARNTERS, LP | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| MICHAEL HYAMS | ) | |
| 207 Kristi Lane | ) | |
| Liberty Hill, TX 78642-4228 | ) | |
| | ) | |
| Defendant. | ) | |

## ADVERSARY COMPLAINT FOR TURNOVER, AN ACCOUNTING, AND DAMAGES

COMES NOW, Tranquility Group, LLC ("Tranquility"), BCR Partners, LLC ("BCR") , and O'Kieffe Family Partners, LP ("O'Kieffe Family") (collectively "Plaintiffs"), through counsel and for their Complaint for Turnover, An Accounting, and Damages against Michael Hyams, states and alleges to the Court as follows:

### VENUE AND JURISDICTION

1. Venue is proper under 28 U.S.C. § 1409 and Rule 5005(a) of the Federal Rules of Bankruptcy Procedure.

2. This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334.

3. This Complaint is asserted under Bankruptcy Rules 7001(1), (2), (7), and (9).

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (O).

1

## PARTIES

5. Plaintiff Tranquility is a limited liability company organized under the laws of the State of Missouri and Patsy O'Kieffe remains the sole managing member.

6. Plaintiff BCR is a limited liability company organized under the laws of the State of Missouri and Patsy O'Kieffe remains the sole managing member.

7. Plaintiff O'Kieffe Family is a limited partnership formed under the Illinois Revised Uniform Limited Partnership Act pursuant to an agreement dated December 19, 1995 between Charles D. O'Kieffe, III as the general partner and Charles D. O'Kieffe, III as the limited partner with the general partner having a one percent (1%) interest and the limited partner having a ninety-nine percent (99%) interest.

8. Defendant Michael Hyams is an individual currently residing at 207 Kristi Lane, Liberty Hill, Texas.

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. Governing Body and Business Administration of the Debtors**

9. The Tranquility business entity was organized on June 3, 2009 and during all times relevant herein, the membership interest was divided with sixty percent (60%) to Charles O'Kieffe, III, twenty percent (20%) to Patsy O'Kieffe (daughter-in-law), and twenty percent (20%) to Defendant Michael Hyams.

10. The BCR business entity was organized on November 9, 2011 and during all times relevant herein, the membership interest was divided with sixty percent (60%) to Charles O'Kieffe, III, twenty percent (20%) to Patsy and her husband, and twenty percent (20%) to Michael Hyams and his wife.

11. On October 21, 2010, Tranquility purchased the property to become known as Branson Cedars Resort ("Branson Cedars") from Guaranty Bank which at the time consisted of approximately eighty five (85) acres with various improvements including a lodge, a golf course, bungalows, and log

cabins. From the time of the acquisition, Michael Hyams was to act as Chief Operating Officer and to be the primary on site manager of Branson Cedars with oversight over all employees, day-to-day operations of the resort including maintenance, repair, new construction and improvements, and reservations and other events and venues.

12. Subsequently, following the formation of BCR and its acquisition of additional real estate lots with improvements, the BCR properties were functionally consolidated into the Branson Cedars resort operation and were also managed under the direction of Michael Hyams as Chief Operating Officer of Branson Cedars.

13. At all relevant times herein, Patsy O'Kieffe was the managing member of Tranquility and BCR however she basically functioned as an absentee owner/investor representative and did not take an active role in day-to-day management operations of Branson Cedars.

14. Subsequent to the acquisition of Branson Cedars, O'Kieffe Family advanced additional loans or capital contributions to Branson Cedars at the request of Defendant Michael Hyams purportedly to be utilized for bridge funds to cover periodic negative cash flow operational expenses and needs.

**B. Initial Proceedings in Bankruptcy of Tranquility and BCR**

15. On February 26, 2021, an Order for Relief was entered against Debtors Tranquility and BCR upon a Petition filed by them under Chapter 11 of the Bankruptcy Code (the "Petition Date").

16. Pursuant to Bankruptcy Code §§ 1101 and 1107, Tranquility and BCR became debtors-in-possession of the respective bankruptcy estates having rights and duties to perform certain functions and certain duties of a trustee serving in the case under Chapter 11.

17. For purposes of the bankruptcy proceedings, Defendant Michael Hyams elected to be the primary designated debtor-in-possession representative of both Tranquility and BCR. Defendant Michael Hyams, as the designated debtor-in-possession representative of Tranquility and BCR, assumed the responsibility for completing all lists, schedules, and statements required under §

3

521(a)(1) of Title 11 (the "Bankruptcy Schedules") and the filing of Debtors periodic Monthly Operating Reports.

18. From the Petition Date through December 31, 2021, at the request of Defendant Michael Hyams, O'Kieffe Family advanced loans or operating capital to Tranquility in an amount in excess of $192,000.00 purportedly to be utilized to be utilized for bridge funds to cover periodic negative cash flow operational expenses and needs.

19. From the Petition Date through January 1, 2022, notwithstanding Debtors attempts to progress towards confirmation of a Plan of Reorganization, Debtors elected to offer for sale substantially all of the assets of Branson Cedars and entered into a commercial and industrial sale contract with Big Cedar, LLC ("Big Cedar") which was submitted to the Bankruptcy Court for approval by Debtors filing their Motion to Sell Property Free and Clear of Liens and Encumbrances and to Approve Sale Proceedings (Doc. No. 161). The Court approved Debtors Motion and entered and Order on January 28, 2022 (Doc. No. 185). The Order granted Big Cedar a due diligence period of sixty (60) days which was scheduled to expire on March 29, 2022.

20. On March 25, 2022, Big Cedar unilaterally terminated the real estate contract and Debtors subsequently entered into a subsequent contract to sell substantially all of the assets of Branson Cedars to Jim and Linda McKissack (the "McKissack Offer).

21. On April 22, 2022, subsequent to Debtors submitting to the Bankruptcy Court their Motion for Approval of the McKissack Offer, Big Cedar lodged with the Court a Response to Debtors Motion which contained an "Upset Bid" (Doc. No. 239).

22. Subsequently, Debtors submitted a replacement Motion with respect to the McKissack Offer and Big Cedar again lodged a Response with a competing bid (Doc. No. 316 and 346 respectively). The Debtors Sale Motion and Response and competing bid of Big Cedar are scheduled for hearing before the Bankruptcy Court for June 16, 2022.

23. Notwithstanding representations that Defendant Michael Hyams made to Patsy O'Kieffe

of his willingness to stay and assist the Debtors through a sale transaction, upon information and belief, Michael and Jeanette Hyams abandoned Branson Cedars and their roles on or about April 23, 2022.

24. On or about April 24, 2022, Patsy O'Kieffe took control as replacement manager and sole debtor-in-possession representative to discharge her duties as debtor-in-possession and sole manager of Branson Cedars.

## COMPLAINT FOR TURNOVER ORDER PURSUANT TO § 542(a)

### A. Authority for Turnover of Property of the Estate

25. Tranquility and BCR, Plaintiffs, as debtors-in-possession through Patsy O'Kieffe complain of Defendant Michael Hyams as follows:

26. Plaintiffs incorporate by reference allegations contained in paragraphs 1 through 24 as if fully set forth herein.

27. Plaintiffs continue to act as debtors-in-possession with certain rights of a trustee of the bankruptcy estates following the Petition Date and is so acting. Pursuant to § 542 of the Bankruptcy Code, a person or entity in possession or control of property of the estate that the trustee may use or sell shall deliver to the trustee, and account for, such property unless such property is of inconsequential value or benefit to the estate.

### B. Vintage Airstream Trailers

28. That on the Petition Date, Debtor Tranquility was possessed of certain personal property including but not limited to two (2) vintage Airstream travel trailers. The Airstream trailers were to be utilized as cabanas for poolside guests at the new amenity area constructed by Tranquility pursuant to a Pool and Amenity Agreement between Tranquility and L&J Log Cabins Ridgedale, LLC dated September 30, 2019. A copy of the Pool and Amenity Agreement is set forth on **Exhibit A** attached hereto and incorporated herein by reference. Exhibit B of the Agreement specifically describes the two Airstream trailers.

29. Upon information and belief, sometime between March 1, 2022 and April 23, 2022,

Michael Hyams (with the limited assistance of laborers employed by Tranquility) removed the Airstream trailers from the possession and control of Tranquility and wrongfully took possession without right or color of right.

30. Upon information and belief, Defendant Michael Hyams may have placed the Airstream trailers for sale via an online auction with the Estate Depot, LLC, Ozark, Missouri pursuant to its online liquidation announcement set forth on **Exhibit B** attached hereto and incorporated herein by reference.

### C. Miscellaneous Tools and Equipment

31. In addition, on the Petition Date, Debtor Tranquility was possessed of certain personal property including but not limited to an accumulation of miscellaneous hand tools and tools and equipment used by Branson Cedars for general maintenance and repair of the resort real property and improvements, the majority of which were stored in a maintenance/storage building located at Branson Cedars.

32. Upon information and belief, sometime between March 1, 2022 and April 23, 2022, Michael Hyams, with the assistance of personnel from The Estate Depot, LLC, removed miscellaneous hand tools and tools and equipment from the possession and control of Tranquility and wrongfully took possession without right or color of right.

### D. Computers and Electronic Records

33. In addition, on the Petition Date, Debtor Tranquility was possessed of certain personal property including but not limited to two (2) main computers located in the office of Branson Cedars which contained electronic information of both historic and current financial and communication transactions of the Debtors. Upon information and belief, sometime between March 1, 2022 and April 23, 2022, Michael Hyams removed the computers from the possession and control of Tranquility and wrongfully took possession without right or color of right.

### E. Original Business Files, Records, and Timeshare Records

34. In addition, on the Petition Date, Debtor Tranquility was possessed of certain personal

6

property including but not limited to original historic and current files, records, and notes of the resort operations of Branson Cedars. Upon information and belief, sometime between March 1, 2022 and April 23, 2022, Michael Hyams removed the original historic and current files including original records, bank statements, cancelled checks, invoices, bills of sale, receipts for purchases, reimbursements, and original timeshare purchaser files including original documents, notes, payment history, and correspondence from the possession and control of Tranquility and wrongfully took possession without right or color of right.

35. That the personal property in question is not of inconsequential monetary value but has a significant use and value for the estate of the Debtors.

WHEREFORE, Plaintiffs pray an order be entered against Michael Hyams requiring him to answer herein and appear at trial herein on or before a date certain, to be fixed by the Court in said order; and that on the trial hereof, an order be entered requiring Michael Hyams to turnover said personal property; and for such other and further relief as may be just.

## COMPLAINT FOR AN ACCOUNTING AND DAMAGES

### A. Defendant Michael Hyams as a Fiduciary Representative

36. Plaintiffs, as debtors-in-possession of the estate, complain of Defendant Michael Hyams as follows:

37. Plaintiffs incorporate by reference allegations contained in paragraphs 1 through 35 as if fully set forth herein.

38. Defendant Michael Hyams, as an equity security holder of Debtors, in his capacity as Chief Operating Officer of both Debtors, as the individual who assumed the responsibility for completing all lists, schedules, and statements required under § 521(a)(1) of Title 11 (the "Bankruptcy Schedules"), and as the primary designated debtor-in-possession representative of both Tranquility and BCR, is a

7

fiduciary of the Debtors by virtue of the existence of a fiduciary relationship between the Defendant Michael Hyams, Debtors Tranquility and BCR, and their bankruptcy estates.

**B. Necessity of Accounting**

39. Upon information and belief, prior to the Petition Date through the date Defendant Michael Hyams abandoned Branson Cedars and his role as Chief Operating Officer and as the primary designated debtor-in-possession representative, he directed, caused, and/or continued to engage financial transactions that Plaintiff cannot fully and adequately determine were within his authorized scope as Chief Operating Officer or authorized in his capacity as the prior designated debtor-in-possession representative and were otherwise unauthorized, without notice to Tranquility or BCR, and possibly for his personal benefit and gain including but not limited to the transactions set forth below.

**C. Payments and Transactions with Insider Design Build, LLC and Cost of Pool**

40. The terms of the Pool and Amenity Agreement provided that Tranquility would construct and build the new amenity area in return for the loan in the amount of $150,000.00 from L&J Log Cabins Ridgedale, LLC (see paragraph 28 above and Exhibit A attached). Upon information and belief, Defendant Michael Hyams represented to L&J Log Cabins and managing member Patsy O'Kieffe that the total cost of the pool and new amenity area would be $150,000.00.

41. Plaintiffs have recently discovered based solely on the remaining electronic computer r records in the possession of Plaintiffs, that Defendant Michael Hyams issued numerous checks payable to third parties relating to the construction of the pool and amenity area which checks represent aggregate payments of approximately $266,000.00. A schedule of the checks by date, check number, payee, and amount as logged in the chart of accounts relating to "Pool" is attached as **Exhibit C**.

42. As disclosed on Exhibit C, Defendant Michael Hyams either wrote, directed, or caused

numerous checks to be issued to himself and, upon information and belief, the payments were unauthorized, without notice to Tranquility or BCR, and possibly for his personal benefit and gain.[1]

43. Upon information and belief and as disclosed on Exhibit C, Defendant Michael Hyams issued numerous checks payable to Design Build, LLC with notations on the majority of the checks indicating reference to "pool". The checks represent aggregate payments of $122,396.64 from November 18, 2019 to March 11, 2021. A separate schedule of the checks payable to Design Build has been extrapolated from Exhibit C and the extrapolated schedule is attached as **Exhibit D**.

44. Upon information and belief, Design Build, LLC was organized by Michael Hyams effective November 26, 2019 with the filing of Articles of Organization with the Missouri Secretary of State.[2]

45. In addition, contrary to terms of the Pool and Amenity Agreement providing for the construction of a separate "detail" consisting of "men's and women's enclosed bathrooms", upon information and belief, Defendant Michael Hyams entered into a portable building lease agreement with Holden Buildings (H&H Management, LLC) for the lease purchase of a storage building with the lessor being designated as Michael Hyams and Branson Cedars Resort and thereafter modified the portable building for the purpose of compliance with the "detail" of the men's and women's enclosed bathrooms at a continuing monthly rental charge of $573.00.

**D. Payments and Transaction with Branson Lakeview Storage**

46. Upon information and belief, prior to the Petition Date through February 28, 2022, Defendant Michael Hyams utilized a credit card account in the name of Tranquility to make monthly rental payments on off site separate storage units located at Branson Lakeview Storage covering a

---

[1] At the Section 341 Meeting held on April 13, 2021, Mr. Hyams testified his employment did not encompass any reimbursement transactions.
[2] At the Section 341 Meeting held on April 13, 2021, Mr. Hyams testified that the only other entity he or his wife owned was him having an interest in Lifted Truck Nationals, LLC started with Patsy O'Kieffe and partner Robbie Bryant. He also testified that the business was still currently in business and again repeated that neither he nor his wife owned a part of any other entity.

period from August 4, 2015 to May 31, 2022. A schedule of the credit card charges by date, amount, and total is attached as **Exhibit E**.

47. Upon information and belief, the only need or use of Tranquility or BCR for any off site storage would have been limited to one unit for possible storage of dilapidated appliances and/or seasonal decorations. According to the Branson Lakeview Storage rent roll dated March 2, 2021, there were seven (7) separate off site storage units in the name of Tranquility with rent being charged against the Tranquility credit card. A copy of the March 2, 2021 Rent Roll is attached as **Exhibit F**.

48. Upon information and belief, on or about February 28, 2022, Defendant Michael Hyams made arrangements with Branson Lakeview Storage to change the designated tenant of the off site storage units from Tranquility to himself individually substituting or terminating the use of the Tranquility credit card.[3]

E. **Unsupported Reimbursements to Michael Hyams**

49. That Defendant Hyams, on Plaintiffs best information and belief, was at all times pertinent hereto the person who made the decisions regarding the transactions.

50. That the Plaintiffs cannot determine the correct dollar amounts that may be due from Defendant Michael Hyams based upon the complicated nature of the accounts and also because of the lost or missing records that apparently occurred during the period Defendant Michael Hyams was a fiduciary. Accordingly, Defendant Michael Hyams should provide a complete accounting of all sums received during the course of events together with original records, invoices, bills of sale, receipts for purchases, reimbursements, and other related documents.

51. That, on Plaintiffs best information and belief, Michael Hyams authorizations of the transactions were without notification or agreement with the Plaintiffs and unauthorized.

52. That the Plaintiffs cannot fully and adequately determine the total sums of unauthorized

---

[3]The Statement of Financial Affairs prepared by Michael Hyams and signed by him failed to disclose any property being held for another. See SOFA, page 24, line 21.

transactions or the total sums that may be due and owing to Plaintiffs without a full and complete accounting.

53. That the Plaintiff has no adequate remedy of law.

**F. Damages**

54. Subject to Defendant Michael Hyams providing an accounting and based upon same, Plaintiffs are entitled to damages representing any amount which are found to be unauthorized and without notice to Tranquility or BCR and were for Defendant Michael Hyams personal benefit and gain.

WHEREFORE, the Plaintiffs pray this Court order Defendant Hyams to provide a complete accounting as to all sums paid, the invoices or documented basis for payment, and any and all other supporting documentation and award Plaintiffs reasonable attorney fees and costs incurred herein, enter an interlocutory order for an accounting thereafter, and as the accounting and the applicable law dictate, grant Plaintiffs a final judgment based upon damages found due to Plaintiffs, and for such other relief to which Plaintiff may be entitled.

BERMAN DELEVE KUCHAN & CHAPMAN, LLP

By: */s/ Ronald S. Weiss*
Ronald S. Weiss                    #21215
1100 Main St., Suite 2850
Kansas City, MO 64105
Phone: (816) 471-5990
Fax: (816) 842-9955
rwieiss@bdkc.com
*Attorney for Debtors Tranquility Partners, LLC and BCR Partners, LLP*

DAVID SCHROEDER LAW OFFICES, P.C.
By: */s/ David E. Schroeder*
David E. Schroeder                 #32724
1524 E. Primrose, Suite A
Springfield, MO 65804
Phone: (417) 890-1000
Fax: (417) 886-8563

bk1@dschroederlaw.com
*Attorney for Debtor O'Kieffe Family Partners, LP*

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that the foregoing Complaint for Turnover was filed electronically with the Clerk of the Bankruptcy Court on the 15th day of June, 2022 and was served electronically on those parties receiving electronic notice through the Court's ECF system with an identical copy being sent by United States Mail, postage prepaid and directed to:

MICHAEL HYAMS
207 Kristi Lane
Liberty Hill, TX 78642-4228

And

DAN R. NELSON
300 South John Q. Hammons Parkway
Suite 800
Springfield, MO 65806

By: */s/ Ronald S. Weiss*
Ronald S. Weiss                    #21215

By: */s/ David E. Schroeder*
David E. Schroeder                 #32724